[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO DISMISS
In this residential summary process action the plaintiff seeks to evict the defendant for nonpayment of rent. The defendant moves to dismiss the action on the grounds that the Notice to Quit is equivocal. The tenancy that is the subject of this action is characterized as Section 8, a program administered by the Department of Housing and Development. Accordingly, the plaintiff must comply with both federal and state pretermination and termination notices. 24 C.F.R. § 881.607; C.G.S. §47a-23.
Facts
The plaintiff served a Notice to Quit on the defendant on January 15, 1996. In that Notice, the following language appears:
 I hereby terminate your lease and give you notice that you are to quit possession or occupancy of the premises described above and now occupied by you on or before 01/31/96 for the following reason:
1. Nonpayment of rent.
 NOTICE: Under the provisions of the Section 8 lease and the federal regulations, nonpayment of rent constitutes a material noncompliance with the terms of your lease.
 YOU HAVE 10 DAYS TO DISCUSS THE TERMINATION OF YOUR TENANCY WITH THE MANAGEMENT OF NATHAN HALE APARTMENTS.
Simultaneously, the plaintiff sent a separate termination notice CT Page 1486-A to the defendant indicating its intention to terminate the lease as of January 31, 1996. Thereafter, on February 8, 1996, the plaintiff initiated this action.
The defendant argues in her motion that the Notice to Quit is equivocal because it contains the federal pretermination language but terminates the lease upon service. In a supplemental memorandum filed on the day of argument the defendant also argues that the contemporaneous service of the separate termination notice also makes the Notice to Quit equivocal.
Discussion
C.G.S. § 47a-23 (e) allows a landlord to include the federally required termination notice within the Notice to Quit without rendering the notice equivocal "provided the rental agreement or lease shall not terminate until after the date specified in the notice for the lessee or occupant to quit possession or occupancy or the date of the completion of the pretermination process, whichever is later." The plaintiff here chose to combine the federal notice in the Notice to Quit. Since the federal requirements in this tenancy mandate a ten day period prior to termination and the quit date was January 31, 1996, the lease could not be terminated prior to January 31, 1996 under the terms of C.G.S. § 47a-23 (e). If the lease terminated upon service, the Notice to Quit is fatally deficient. Lampasona v.Jacobs, 209 Conn. 724, 730 (1989); Jefferson Garden Associates v.Greene, 202 Conn. 128, 143 (1987); Windsor Properties, Inc. v.The Great Atlantic and Pacific Tea Company, Inc., H-50 (6/13/79) (Spada, J.).
The words "I hereby terminate your lease . . ." contained in this Notice to Quit clearly indicate the lease terminated on January 15, 1996, upon service of the Notice to Quit. Accordingly, the notice does not comply with (e) of § 47a-23.
If the plaintiff intends to combine the notices as allowed under (e) of § 47a-23, in addition to complying with the federal mandates, it must clearly state that the quit date is also the termination date.[1] A Notice to Quit usually, but not always, terminates the lease upon service. Mayron's Bake Shops,Inc. v. Arrow Stores, Inc., 149 Conn. 149, 156 (1961); IntownManagement Corp. v. Knowling, H-959 (8/12/91) (Berger, J.). However, C.G.S. § 47a-23 (a) provides that the landlord shall give notice to quit "at least five days before the termination ofCT Page 1486-Bthe rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy." Had the Notice to Quit stated the lease would terminate as of January 31, 1996, the Notice would not have terminated upon service.
The Notice to Quit is defective. The court lacks subject matter jurisdiction. The case is dismissed